IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-418

Filed 5 February 2025

Johnston County, Nos. 19JT211-500, 19JT212-500, 19JT286-500, 21JT30-500

IN THE MATTER OF: Z.A.N.L.W.C., K.E.N.S., J.J.A.W.-S., H.O.J.-W

Appeal by respondent-appellant mother from orders entered 1 February 2024 by Judge Resson O. Faircloth in District Court, Johnston County. Heard in the Court of Appeals 14 January 2025.

> *Senior Assistant County Attorney Mariamarta T. Conrad for petitioner-appellee Johnston County Department of Social Services.*
>
> *Parker Poe Adams & Bernstein LLP, by Laura M. Merriman and Stephen V. Carey, for the guardian ad litem.*
>
> *Robert W. Ewing for respondent-appellant mother.*

STROUD, Judge.

Respondent-mother appeals from the trial court's order terminating her parental rights as to her four minor children. As Respondent-mother did not sign the notice of appeal of the termination order, this Court does not have jurisdiction and we therefore dismiss the appeal.

## I. Background

Respondent-mother ("Mother") has four minor children born during the years of 2017 to 2021. The Johnston County Department of Social Services ("DSS") first

filed juvenile petitions as to the oldest two children, Zack and Kate,[1] on 2 October 2019 alleging the children were neglected and dependent "due to concerns with substance use, . . . [M]other's mental health, and improper care." On 6 November 2019, the trial court filed a continuance order for the initial adjudication hearing of Zack and Kate and appointed a guardian *ad litem* ("GAL") for Mother, noting "rule 17 GALs were appointed for [Mother] . . . . [Mother] is scheduled to give birth on [redacted] and additional time [is] required for healing and preparation for the hearing" but did not further explain the appointment of the GAL. On 3 December 2019, DSS alleged Mother's third child, Jack, was neglected and dependent, noting Mother did not currently have custody of Zack or Kate and other similar concerns involving substance use, Mother's mental health, and improper care. On 10 March 2020, Zack, Kate, and Jack were ultimately adjudicated dependent and were placed in DSS's custody. In early 2021, Mother's fourth child, Holly, was born and she tested positive for marijuana at birth. Upon Holly's discharge from the hospital, she was placed with temporary care providers and DSS soon filed a juvenile petition also alleging she was neglected and dependent, again based on allegations of Mother's substance use and mental health. On 20 July 2021, the trial court adjudicated Holly as dependent and ordered she remain in DSS's custody.

On 17 October 2022, DSS filed petitions for termination of parental rights as

---

[1] Pseudonyms are used to protect the identities of the minor children.

to all four children. The matters came on for hearing on 6 September 2023. On 1 February 2024, the trial court entered orders terminating Mother's parental rights, concluding there were grounds for termination under North Carolina General Statute Sections 7B-1111(a)(2), (a)(6), and (a)(7) as to Zack, Kate, and Jack, and (a)(2) and (a)(6) as to Holly. The trial court determined it was in the best interests of the children to terminate Mother's parental rights and ordered the children to remain in DSS's custody, granting DSS the authority to consent to adoption of the children. On 28 February 2024, Mother's trial counsel and Rule 17 GAL filed a notice of appeal on behalf of Mother, but Mother's signature was not included on the notice of appeal.

## II. Jurisdiction

While Mother's attorney and Rule 17 GAL signed the notice of appeal, Mother did not. The termination order notes Mother was not in attendance at the hearing, but the record does not reveal any reason for her absence. Mother's counsel told the trial court he has not "had contact with [Mother] since the last time she was in court, which was sometime ago" and moved to continue the case, but the trial court denied the motion. Further, on appeal, Mother's counsel does not address Mother's failure to sign the notice of appeal of the termination orders. However, even where neither party addresses jurisdiction, "it is well-established that the issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal or by a court *sua sponte.*" *In re M.C.*, 244 N.C. App. 410, 413, 781 S.E.2d 70, 73 (2015) (citation, quotation marks, and brackets omitted).

North Carolina General Statute Section 7B-1001 governs the "[r]ight to appeal" a juvenile matter and states "[n]otice of appeal shall be signed *by both the appealing party* and counsel for the appealing party, if any." N.C. Gen. Stat. § 7B-1001(c) (2023) (emphasis added). North Carolina General Statute Section 7B-1002 also identifies "[p]roper parties for appeal" and states:

> Appeal from an order permitted under G.S. 7B-1001 may be taken by:
>
>> (1) A juvenile acting through the juvenile's guardian ad litem previously appointed under G.S. 7B-601.
>>
>> (2) A juvenile for whom no guardian ad litem has been appointed under G.S. 7B-601. If such an appeal is made, the court shall appoint a guardian ad litem pursuant to G.S. 1A-1, Rule 17 for the juvenile for the purposes of that appeal.
>>
>> (3) A county department of social services.
>>
>> (4) A parent, a guardian appointed under G.S. 7B-600 or Chapter 35A of the General Statutes, or a custodian as defined in G.S. 7B-101 who is a nonprevailing party.
>>
>> (5) Any party that sought but failed to obtain termination of parental rights.

N.C. Gen. Stat. § 7B-1002 (2023).

This Court has previously discussed the failure of a parent to sign a notice of appeal in a termination of parental rights case:

> [A]ppellate Rule 3 governing notice of appeal for civil cases is jurisdictional and if the requirements of this rule are not complied with, the appeal must be dismissed. Similarly, when a criminal defendant has not properly given notice of

appeal pursuant to Rule 4 governing notice of appeal for criminal cases, this Court is without jurisdiction to hear the appeal. Because Appellate Rules 3, 3A, and 4 all concern how and when appeals are to be taken, Rule 3A is similarly jurisdictional, and if not complied with, the appeal must be dismissed.

Because we hold that a GAL's signature on the notice of appeal is not sufficient to grant this Court jurisdiction, we cannot address the merits of the appeal. Accordingly, we dismiss the matter.

*In re L.B.*, 187 N.C. App. 326, 331-32, 653 S.E.2d 240, 244 (2007) (citations, quotation marks, and brackets omitted), *aff'd per curiam*, 362 N.C. 507, 666 S.E.2d 751 (2008).

We note that *In re L.B.* was interpreting a prior version of North Carolina General Statute Section 7B-1101.1, which discusses a parent's right to a GAL in a juvenile matter. *See id.* at 328-29, 653 S.E.2d at 242. A large part of this Court's discussion involved a comparison of a Rule 17 GAL and a "guardian [appointed] pursuant to Chapter 35A[,]" and whether the GAL in *In re L.B.* was to "assist" or "replace" the parent's "authority to undertake acts of legal import themselves." *Id.* at 330-31, 653 S.E.2d at 243 (citations omitted). Still, we concluded

although it is appropriate for the GAL to *assure* that the notice of appeal—or other pleading or legal document—is filed properly with the parents' signatures as required by North Carolina Rules of Appellate Procedure 3A(a), it is not appropriate for the GAL to sign the notice of appeal in place of the parents.

*Id.* at 331, 653 S.E.2d at 242 (emphasis in original).

*In re L.B.* separately discussed North Carolina General Statute Section 7B-

1002, and noted that a parent's GAL is not a "proper party" who may give notice of

appeal:

> Furthermore, pursuant to North Carolina General Statutes, section 7B-1001(b), written notice of appeal is to be given "by a proper party as defined in G.S. 7B-1002." N.C. Gen.Stat. § 7B-1001(b) (2005). Such proper parties are (1) a juvenile who is acting through his GAL; (2) a juvenile without a GAL, in which case "the court shall appoint one pursuant to G.S. 1A-1, Rule 17"; (3) DSS; (4) "a parent, a guardian appointed under G.S. 7B-600 for a juvenile or Chapter 35A of the General Statutes for a parent, or a custodian as defined in G.S. 7B-101 who is a nonprevailing party"; and (5) any party who was unsuccessful in obtaining a termination of parental rights. N.C. Gen.Stat. § 7B-1002 (2005). *Nowhere in section 7B-1002 is a parent's GAL designated as a "proper party" who may give written notice of appeal pursuant to section 7B-1001.*

*Id.* at 331, 653 S.E.2d at 243 (emphasis added) (brackets omitted). Unlike North

Carolina General Statute Section 1101.1, North Carolina General Statute Section 7B-

1002 has not been amended since this Court issued its opinion in *In re L.B. See id.*;

*see also* N.C. Gen. Stat. § 7B-1002.

Further, our Supreme Court again reiterated in *In re J.L.F.*, where the father

did not sign the notice of appeal "that was filed on his behalf in this case as required

by N.C.G.S. § 7B-1001(c) (2019) and N.C.R. App. P. 3.1(b)[,]" the requirement that

both the parent and the GAL, if any, sign the notice of appeal was jurisdictional:

> On the other hand, however, [the] respondent-father's trial counsel did attach a letter that he had received from [the] respondent-father, who remained in the custody of the Division of Adult Correction, in which [the] respondent-father indicated that he wished to note an appeal from the

> trial court's termination order. Although a parent's failure to sign the relevant notice of appeal has been held to constitute a jurisdictional defect, *see In re L.B.*, 187 N.C. App. 326, 332, 653 S.E.2d 240 (2007), *aff'd per curiam*, 362 N.C. 507, 666 S.E.2d 751 (2008), we conclude that the decision by [the] respondent-father's trial counsel to attach [the] respondent-father's letter to the notice of appeal resulted in substantial compliance with the signature requirement delineated in N.C.G.S. § 7B-1001(c) and N.C.R. App. P. 3.1(b), particularly given that neither DSS nor the guardian ad litem have sought to have [the] respondent-father's appeal dismissed.

*In re J.L.F.*, 378 N.C. 445, 448, n. 4, 861 S.E.2d 744, 747, n. 4 (2021).

Here, our record does not include an order appointing the GAL for Mother; our record indicates in a continuance order dated 6 November 2019 that a GAL was appointed for Mother but does not explain the reasons for the appointment. According to several of the court reports in the record, Mother was "appointed [a GAL] to represent [her] through the court process. This was due to the concern for [her] comprehension and understanding of the court." One of the disposition hearing court reports states that Mother was assigned a GAL "due to [her] cognitive limitations." There is no indication in the record that Mother had been adjudicated incompetent under Chapter 35A of the North Carolina General Statutes. The termination order indicates that Mother did not appear for the hearing, although she was served with notice and her attorney and "Rule 17-GAL Brooks Carter" were present at the hearing. Mother had appeared for some hearings in 2019 and 2020, before the petitions for termination were filed, but she did not file an answer to the termination

petitions "due to a lack of contact between [Mother] with her [c]ourt-appointed attorney." The evidence indicated, and the trial court found, Mother had "cognitive limitations" as well as several mental health diagnoses and issues with substance abuse. But the trial court also found that "[M]other has had the ability to make reasonable progress to correct the conditions which led to the child's placement in foster care but did not do so."[2] Therefore, the information in our record indicates Mother was not incompetent as defined by North Carolina General Statute Section 35A-1101(7) and her "Rule 17 GAL" was not a proper party to file notice of appeal under North Carolina General Statute Section 7B-1002. *See* N.C. Gen. Stat. § 7B-1002. Mother was therefore required to sign the notice of appeal under North Carolina General Statute Section 7B-1001(c). *See In re L.B.*, 187 N.C. App. at 331-32, 653 S.E.2d at 244.

This case also differs from *In re J.L.F.* since not only was there nothing in our record from Mother "in which [she] indicated that [s]he wished to note an appeal from the trial court's termination order[,]" the record also shows Mother did not attend the termination hearing, her counsel did not give a reason Mother was not present, and on appeal she does not address her failure to sign the notice of appeal. *Id.* There is nothing in our record to suggest, as in *In re J.L.F.*, that Mother made any attempt to

---

[2] These facts are not in dispute. Mother did not challenge any of the findings of fact as to adjudication in her appellate brief; the only issue raised on appeal was the trial court's abuse of discretion in the disposition portion of the order.

sign the notice of appeal, and as reiterated by our Supreme Court, her failure to sign the notice of appeal is a jurisdictional defect. *See id.* Thus, since the party appealing the termination order, Mother, did not sign the notice of appeal herself, nor was she in "substantial compliance with the signature requirement[,]" and this requirement is jurisdictional, we must dismiss the case. *Id.*; *see also In re L.B.*, 187 N.C. App. at 331, 653 S.E.2d at 242.

### III. Conclusion

As Mother did not sign the notice of appeal as required by North Carolina General Statute Section 7B-1001(c), we must dismiss the appeal since this Court does not have jurisdiction.

DISMISSED.

Judges CARPENTER and GRIFFIN concur.